Honorable James. L. Russell State Representative, 6th District Rural Route 3 Savannah, Missouri 64485
Dear Representative Russell:
This opinion is in response to your question asking:
 "Does the reenactment of section 150.070
in Senate Bill No. 277 of the First Regular Session of the 79th General Assembly, impliedly repeal the provision in subsection 4 of section 51.300, RSMo Supp. 1975, stating: `The salary provided in this section shall be the total compensation received by the county clerk', when the provisions of section 150.070
relating to county clerks are exactly the same as they were prior to this recent reenactment? (As this bill was introduced, there was no intent shown under the bracket and underline rule that the legislature was intending to amend the provisions of section 150.070 relating to the six cents allowed county clerks.)"
You also state:
 "Section 51.300, RSMo Supp. 1975, in subsection 4 states that the salary provided in this section shall be the total compensation of county clerks in second, third and fourth class counties. Section 150.070, as it has been repealed and reenacted in Senate Bill No. 277 of the First Regular Session of the 79th General Assembly, states: `such clerk shall receive as compensation for making such tax book, copy, filing statements, and certifying the same the sum of six cents for each name or firm. . . . .'. Does this recent reenactment of section 150.070 give county clerks in second, third and fourth class counties the six cents per name and firm along with their compensation under section 51.300, RSMo Supp. 1975, when the language in the reenacted section 150.070 is exactly the same as it was, as it refers to these county clerks, before the reenactment?"
The first paragraph of Section 150.070, to which you refer which was reenacted in Senate Bill 277, First Regular Session, 79th General Assembly, contains identically the same provisions as it did prior to repeal. In the course of passage it appears that the designation of that paragraph as subsection 1 was omitted and therefore Section 150.070 now begins without such numerical subsection designation but contains the following language which is identical to that which such subsection contained prior to the enactment of Senate Bill 277.
 "After the county board of equalization shall have completed the equalization of such statements, the clerk of the county court shall extend on such book all proper taxes at the same rate as assessed for the time on real estate, and he shall, on or before the first day of November thereafter, make out and deliver to the collector a copy of such book, properly certified, and take the receipt of the collector therefor, which receipt shall specify the aggregate amount of each kind of taxes due thereon, and the clerk shall charge the collector with the amount of such taxes; and such clerk shall receive as compensation for making such tax book, copy, filing statements, and certifying the same the sum of six cents for each name or firm, one-half payable by the county, and the other by the state, provided, that in counties of the first class and the city of St. Louis, any compensation provided for herein, received by the clerk of the county court, shall be paid into the county or city treasury, as provided by law."
Clearly, these provisions were in effect long prior to the enactment of Section 51.300, RSMo Supp. 1975, pertaining to the total compensation provisions of county clerks of the second, third and fourth class counties. See V.A.M.S. footnote to Section 150.070.
Subsection 4 of Section 51.300, provides:
 "The salary provided in this section shall be the total compensation received by the county clerk, except that he may retain any fees to which he is entitled for services performed in the issuance of fish and game licenses or permits. Any other fees received by him shall be deposited in the county treasury or as provided by law. His total annual salary, excluding the only allowable fees of fish and game licenses or permits above, shall be determined on or before January 1, 1971, and each year thereafter. The county population shall be based on the last federal decennial census, and the assessed valuation of the county shall be based upon the last available report of the state tax commission."
It appears obvious that even if Section 150.070 was intended to provide additional compensation for such county clerks the additional compensation would not be effective during the term of the present incumbents. This is because no new duties were placed on the office that had not already been merged into the general duties of the office at the time of the enactment of Section 51.300 and because Section 13 of Article VII of the Missouri Constitution prohibits an increase in an officer's salary during his term of office.
However, we are of the view that the reenactment of such provisions does not authorize an increase in such officer's compensation even after the present term of office. This is because the quoted provisions of Section 150.070, as reenacted in Senate Bill 277, were simply a verbatim reenactment of the identical provisions in the repealed section bearing the same number and as such are required to be construed as a continuation of such prior law and not as a new enactment. Section 1.120, RSMo. Inasmuch as the prior law had to be construed in the light of the provisions of Section 51.300, we do not view the amendment as authorizing an increase in the compensation of the county clerks.
Further, under subsection 4 of Section 51.300, fees received from the state under Section 150.070 must be deposited in the county treasury. Fees chargeable to the county would not be collected. Section 51.390, RSMo.
We note in passing, having answered your precise question, that a number of other questions have been raised with respect to the content of Senate Bill 277 because of language in the statute which is susceptible to a number of conflicting interpretations. We believe that the present question and other questions which we will not delineate here, should be given consideration by the legislature in the forthcoming session with a view toward clarifying legislative intent.
CONCLUSION
It is the opinion of this office that the reenactment of Section 150.070 in Senate Bill 277 of the First Regular Session of the 79th General Assembly, does not authorize the payment to the county clerk of any fees from the county provided for therein. Any fees received from the state by the clerk must be paid into the county treasury.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General